CLOSED

NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ONLINE EXPRESS, INC. and OSMAN N. OZSUSAMLAR, | : | |
| Plaintiffs, | : | |
| | : | Civil Action No. 13-1888 (SRC) |
| v. | : | |
| | : | **OPINION** |
| TRI-STATE GENERAL INSURANCE COMPANY et al., | : | |
| Defendant. | : | |
| | : | |
| | : | |

**CHESLER,** District Judge

This matter comes before the Court upon its own motion to assess its subject matter jurisdiction. The Complaint, filed on behalf of Osman N. Ozsusamlar, a federal prisoner confined at Atwater, California,[1] and a business entity named Online Express Inc., lists the following entities as Defendants: (1) Carpezzi Liebert Group; (2) Tri-State General Insurance Company; (3) Carolina Casualty Insurance Company; (4) Lloyds of London; (5) Imperial Credit Corporation; (6) New Jersey Department of Banking and Insurance ("DOBI"); and (7) Federal Deposit Insurance Corporation ("FDIC"). The Complaint asserts that Ozsusamlar was the president of Online Express, a Turkish trucking company with certain insurance coverages that expired in 2006. Believing that refunds are due to Online Express from the above-listed

---

[1] Ozsusamlar and his father were convicted of murder for hire, conspiracy to commit murder for hire, and conspiracy to commit extortion. See United States v. Ozsusamlar, 349 F. App'x 610, 611 (2d Cir. 2009).

insurance carriers, Ozsusamlar commenced this matter seeking damages, "formal investigation," and "prevent[ion of] future fraud."

Federal courts have an independent obligation to address issues of subject matter jurisdiction *sua sponte* and may do so at any stage of the litigation. See Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010) ("Federal courts are courts of limited jurisdiction, and when there is a question as to our authority to hear a dispute, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition on the merits.") (internal quotations omitted).

Plaintiffs appear to assert that this Court has federal question jurisdiction based on 18 U.S.C. §§ 1033, 1034. But Sections 1033 and 1034 are federal penal provisions with no bearing on this case. Ozsusamlar also cannot establish federal question jurisdiction based on the presence of the FDIC as a defendant. Although civil lawsuits involving the FDIC are generally within the jurisdiction of the federal courts, see 12 U.S.C. § 1819(b)(2)(A); Fed. Deposit Ins. Corp. v. Blue Rock Shopping Ctr., Inc., 766 F.2d 744, 747 (3d Cir. 1985), claims against the FDIC must be substantial in order to qualify. A claim may be dismissed for lack of federal subject matter jurisdiction when the claim is "so insubstantial, implausible . . . or otherwise completely devoid of merit as to not involve a federal controversy." El-Shifa Pharm. Indus. Co. v. United States, 607 F.3d 836, 849-50 (D.C. Cir. 2010) (quoting Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998)). While the Supreme Court has undoubtedly set "a high bar for dismissal" of insubstantial federal claims, the case at hand meets that high bar. See El-Shifa, 607 F.3d at 849.

In this case, Plaintiff named the FDIC as a defendant because the FDIC did not respond to his letters about the insurance underwriters Plaintiff listed as defendants in his lawsuit. (See Docket Entry No. 1, at 12-13). However, the FDIC only insures bank deposits. 12 U.S.C.A. § 1811.

A claim based only on the FDIC's failure to respond to a private citizen's letters is simply not a federal controversy of any substance. Furthermore, the Third Circuit has made its position clear that once the FDIC is removed as a party to a federal case that federal jurisdiction will dissolve if the FDIC's presence had been the sole reason for federal jurisdiction. New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc., 101 F.3d 1492, 1494-95, 1502 (3d Cir. 1996) ("the policy reasons for federal jurisdiction end when the FDIC . . . leaves the case."). Thus, since Plaintiff's claims against the FDIC will be dismissed as insubstantial, there is no federal question jurisdiction in this case.

Plaintiff has also failed to establish diversity jurisdiction. Diversity jurisdiction requires that there be complete diversity between plaintiffs and defendants, Strawbridge v. Curtiss, 7 U.S. 267 (1806); Lincoln Prop. Co. v. Roche, 546 U.S. 81, 81 (2005), and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332. Here, Plaintiffs have brought suit against DOBI, which is an arm of the State of New Jersey. Since DOBI is a state agency, it is treated as if it were the State for purposes of determining diversity jurisdiction. Regents of the Univ. of California v. Doe, 519 U.S. 425, 429 (1997). Thus, there is no complete diversity of citizenship in this case, because it is well-settled that "a State is not a 'citizen' for purposes of the diversity jurisdiction." Moor v. Alameda County, 411 U.S. 693, 717 (1973); see also JMB Group Trust IV v. Pennsylvania Mun. Retirement Sys., 986 F. Supp. 534 (N.D. Ill. 1997).

The fact that all other Defendants in this case, except for DOBI, are diverse from the Plaintiff does not cure the jurisdictional defect. In Batton v. Georgia Gulf, 261 F.Supp.2d 575 (M.D. La. 2003), a Louisiana District Court addressed the issue of whether "having one defendant with no citizenship destroys diversity jurisdiction," and held conclusively that it did. Id. at 581. The District Court examined 28 U.S.C. § 1332 and noted that nowhere does the statute

allow diversity jurisdiction where a non-citizen state is a party. Id. at 582. Clearly "Congress contemplated the situation of non-citizens and specifically allowed for suits by those non-citizens it thought appropriate." Id. The Court held that "[t]he obvious conclusion is that Congress did not intend the states of the United States to be amenable to diversity jurisdiction in the federal courts." Id. This Court agrees with the reasoning in Batton. Thus, the presence of DOBI among the otherwise diverse defendants bars this case from entering federal court on diversity.

The Court next considers Ozsusamlar's application to proceed *in forma pauperis* ("IFP").[2] Ozsusamlar has sworn, under penalty of perjury, that he has a total of $3.47 in cash and owns no real estate or other assets. However, in refusing to modify a $17,500 fine that was part of Ozsusamlar's penal sentence, the United States District Court for the Southern District of New York stated that probation officials had determined Ozsusamlar "owned a house worth $500,000 and had $100,000 of equity." Ozsusamlar v. United States, 10 Civ. 3455, 2011 WL 2119700, at *1 (S.D.N.Y. May 23, 2011). Therefore, the Court will order Ozsusamlar to file a letter clarifying the status of his real estate assets and will reserve judgment on whether to grant Ozsusamlar's IFP application until it is satisfied that Ozsusamlar has accurately characterized his financial position to the Court.

An appropriate Order accompanies this Opinion.

s/Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

---

[2]  While Ozsusamlar may, in theory, proceed as an *in forma pauperis* litigant, Online Express, being a juridical entity, may not. See, e.g., Marrakush Soc'y v. N.J. State Police, 2009 U.S. Dist. LEXIS 68057 at *88 and n.43 (D.N.J. July 30, 2009). Thus, in the event that Plaintiffs seek to refile this action without naming DOBI as a defendant, the $350 filing fee must be paid. Moreover, since Ozsusamlar is not an attorney, he cannot represent the legal interests of Online Express. Online Express must be represented by actual counsel admitted to practice in this District. See id. at 94-96.

Dated: May 2, 2013