UNITED STATES DISRICT COURT

DISTRICT OF NEW JERSEY


Osman Nuri Ozsusamlar,

    Plaintiff,

vs.                    Case no: 2:13:-cv-01888-SCR-CLW

1- Carpezzi Liebert Group,

2- David Delgado,

3- Imperial Credit Corporation,

4- Tri-State General Insurance Agency,

5- Carolina Casualty Insurance Company,

6- Lloyd's of London,

    Defendant(s).

---

*** JURY TRIAL DEMANDED ***

CIVIL COMPLAINT FOR MONEY DAMAGES

*** SECOND AMENDED COMPLAINT ***

---

## I. JURISDICTION

(1). Plaintiff brings this lawsuit pursuant to 28 U.S.C. §1332. This Court has jurisdiction under 28 U.S.C. §1331.

1

## II. VENUE

(2). The District of New Jersey is an appropriate venue under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## III. PARTIES

(3). Plaintiff Osman Nuri Ozsusamlar was at all times relevant to this action an owner and president of ONLINE EXPRESS, INC. at 349 12th. Ave. Paterson, New Jersey 07514, which is located in the District of New Jersey.

(4). Defendant Carpezzi Liebert Group [CLG] was at all times relevant to this action as an Insurance Brokerage business at 172 Main Street, Nanuet, New York.

(5). Defendant David Delgado was all times relevant to this action an employee for Carpezzi Liebert Group, working as an insurance broker, at 172 Main Street, Nanuet, New York.

(6). Defendant Imperial Credit Corporation was at all times relevant to this action as a Credit Company at 1001 Winstead Drive, Suite 500, Cary, North Carolina.

(7). Defendant Tri-State General Insurance Company was at all times relevant to this action at One Plaza East, Fourth Floor, Salisbury, Maryland.

(8). Defendant Carolina Casualty Insurance Company was at all times relevant to this action as an underwriter at 4600 Touchton Rd. East, Suite 400, Jacksonville, Florida.

(9). Lloyd's of London was at all times relevant to this action as an underwriter at 25 West 53th Street, 14th Floor, New York, New York.

## IV. FACTUAL ALLEGATIONS

(10). On or about March 6, 2004, Plaintiff made an oral/implied and, or written contract with David Delgado for an insurance policy.

(11). Plaintiff contracted an insurance policy to cover for one year, eight trucks/trailers.

(12). On or about March 6, 2004, Defendant David Delgado was an employee for HUB International Insurance Broker.

(13). HUB International Insurance was stationed out of 1005 Avenue of the Americas, New York, New York.

(14). On or about march 6, 2004, Plaintiff purchased an one million dollar liability policy for motor trucks insurance at a rate of $6,480.00 per truck.

(15). A one hundred thousand dollar policy of motor trucks cargo insurance per truck/trailer at $820.00 each. Which add the trucks/trailer value x 4.5% minus physical damage cost.

(16). Plaintiff also had to purchase an Umbrella coverage Insurance policy, which David Delgado advised due to the affordable price.

(17). Plaintiff sealed the deal with David Delgado and HUB International.

(18). Plaintiff insurance then expired, and HUB International sent a refund check in the amount of 9,842.44(Exhibit 1).

(19). On or about the first week of March 2005, Defendant David Delgado went to visit Plaintiff at his home/business address in Paterson, New Jersey.

(20). During this meeting Defendant Delgado explained to plaintiff that he (Delgado) new worked for Carpezzi Liebert Group. [CLG]

(21). Defendant David Delgado advised Plaintiff that Carpezzi Liebert Group offered a better quality of service along with affordable prices.

(22). Defendant David Delgado informed Plaintiff that

instead of their prior agreement/contract from HUB International, that Plaintiff would have to instead insure thirteen (13) trucks/trailers.

(23). Plaintiff agreed to defendant Delgado offer and accepted an impied contract from defendant Delgado.

24. Defendant David Delgado stipulated/contracted the following with Plaintiff that online express incorporated would receive one (1) million dollar liability policy of motor trucks insurance at a cost of $ 6,480.00 per truck.

25. An one (1) hundred thousand dollar cargo insurance at a cost of $ 820.00 per truck along with a physical damage coverage at a value of five (5) hundred thousand dollars for the entire trucks multiplied by 4.5 % equaling twenty thousand dollars and five hundred dollars.

26. Plaintiff also was ordered to pay for the umbrella coverage policy based off the advice of David Delgado.

27. On or about March 3, 2005, Plaintiff signed a certified check in the amount of $ 8,505.00 and gave it to defendant Delgado along with a thirty percent premium down payment. (ex.2)

28. Platiff then decided on adding more trucks/trailers to his companies fleet.

29. On or about July 5, 2005, plaintiff added five (5) more trucks/trailers to the policy structured out by defendant Delgado which Plaintiff endorsed a check for $ 18,951,50. (ex,3)

30. Plaintiff at this point in time had (18) eighteen trucks/trailers insured under the policy with Carpezzi Leibert group.

31. Plaintiff continued his responsibility and paid his insurance bills. Either through wire transfers, or a company check.

32. On or about October 6, 2005, plaintiff was arrested and incarceration for charges unrelated to his trucking business.

33. Plaintiff's company, online express incorporated went out of business, due to the fact that nobody was able to run the day-to-day activities.

34. At the time of Plaintiff's arrest, he owned two (2) trucks/trailers and the rest of the trucks were insured by online express line was the contractors that worked for Plaintiff.

35. To this very day, Plaintiff does not know where his trucks are or have anything else dealing with the company, as result of his incarceration.

36. On or about November 26, 2007, Plaintiff was sent to a super maximum security prison in Colorado.

37. While housed at the prison, Plaintiff was restricted of many privileges.

38. Plaintiff was unable to talk with anybody associated with or who use to work for online express incorporated.

39. Plaintiff received a refunded check from HUB international in the amount of $ 9,842.49.

40. Plaintiff was then expecting similar refunds from the Carpezzi Liebert Group for a substantial amount. Due to the fact that, Plaintiff didn't use the full year worth of insurance.

41. Plaintiff while housed at the super max prison, first realized that he had been defrauded by defendant David Delgado, Carpezzi Liebert Group and Imperial Credit Corporation.

42. On or about September 26, 2010, Plaintiff wrote a letter to Carpezzi Liebert Group asking for numerous information including but not limited to the insurance policy number.

43. Carpezzi Liebert Group responded back with a detailed letter. (ex 5)

44. Plaintiff received the material, and noticed once again that he, infact was defrauded by defendant David Delgado and Carpezzi Leibert Group.

45. Plaintiff had noticed that he paid a large sum of money for trucks/trailer that wasn't provided or even insured. (ex.5,6,&7)

46. Plaintiff received a copy of the total payments being made to Carpezzi Leibert Group.

47. Carpezzi Leibert Groups payment history from their underwriter Carolina Casualty Insurance Company shows that plaintiff paid a total premium of $58,378.00 from March 6, 2005 to March 6, 2006 for the Liability Motor Truck Insurance. (ex.6)

48. Carpezzi Leibert Groups other underwriter Lloyd's of London payment history shows plaintiff paid a total of $10.800 for Motor Trucks Cargo Insurance. (Ex.7)

(49). Thereby bringing Plaintiff total payments for insurance with Carpezzi Leibert Group at $69,178.

(50). Plaintiff received an additional payment history from Imperial Credit Corporation, Carpezzi Leibert

Group Credit processor, and seen that Plaintiff paid from his company's account a total of $141,142.03; through the period of March 7, 2005 to November 29, 2005.(Ex.4)

(51). Plaintiff paid this large amount without adding the thirty percent fee Defendant David Delgado always required.

(52). Defendants David Delgado and Carpezzi Leibert Group defrauded Plaintiff out of $71,964 plus the thirty percent down payment. This amount does not include the interest totaled.

(53). Defendants David Delgado and Carpezzi Leibert Group breached their contract by failing to even insure nine (9) trucks and ten (10) trailers.

(54). Defendants David Delgado and Carpezzi Leibert Group deleted the nine (9) trucks and ten (10) trailers before plaintiff's insurance expired on March 6, 2006.

(55). Defendants David Delgado and Carpezzi Leibert Group breached their agreement and defrauded plaintiff out of an additional $15,791.33 by not insuring the nine (9) trucks and ten (10) trailers.

(56). Defendants David Delgado and Carpezzi leibert Group acted in bad faith with overcharging plaintiff for services, and for services never rendered.

(57). Defendants Carpezzi Leibert Group wrongful withheld a refund of $22,145.49 based off of eighteen (18) trucks and trailers. This figured was based off the Umbrella coverage that was never fully utilized.

(58). Defendant Carpezzi Leibert Group and David Delgado failed to and/or negligently and wrongfully withheld to insurance of nine (9) trucks and eight (8) trailers that plaintiff purchased on or about July 5, 2005.

(59). Defendants David Delgado and Carpezzi Leibert Group defrauded plaintiff for $58,320 for the nine (9) trucks and $7,380 for the eight (8) trailers, $11,250 for the physical damage insurance which was never provided.

(60). Defendants David Delgado and Carpezzi Leibert Group's elaborate fraud of plaintiff comes to a total of $186,850.82 plus interest.

(61). Plaintiff tried several times contacting the insurance companies to inquire about his money owed, but they failed to respond in good faith.

(62). Plaintiff filed a complaint with the State of New York Insurance Commission in reference to the companies fraud based tactics.(Ex.9)

(63). On or about November 15, 2011, plaintiff was

transferred from the Super Maximum Security Prison in Colorado.

(64). Plaintiff arrived at the present facility in Atwater, California.

(65). Plaintiff continued his letter campaign trying to gather the appropriate documents to bring a suit against the defendants.

(66). Numerous Defendants were unwilling to provide plaintiff with copies, policies, and or other vital information for the civil action.

(67). On or about March 15, 2013, plaintiff filed a "Complaint for Insurance Fraud."

(68). On or about May 2, 2013, the District Court of New Jersey dismissed without prejudice civil action.

## V. CAUSE OF ACTION

Plaintiff's contract was breached in violation of New Jersey's Laws Governing a BREACH of An Implied Covenant.

(69). Plaintiff incorporates paragraphs 1 through 68 as though they were fully herein.

(70). Defendants David Delgado and Carpezzi Leibert Group subjected Plaintiff to a fraudulent inducement by agreeing to insure Plaintiff's twenty-one (18) trucks/trailers, but failing to do so.

(71). Defendants David Delgado and Carpezzi Leibert Group knew that they never intended to give plaintiff the full coverage that was paid for.

(72). Defendants Daivd Delgado and Carpezzi Leibert Group knew that plaintiff would rly on Delgado's implied contract from their past dealings with each other, os as to further their fraud against plaintiff.

COUNT II.

Plaintiff's contract was breached in violation of New Jersey's laws governing a breach of an implied covenant.

(73). Plaintiff incoporates paragraphs 1 through 72 as though they were stated fully herein.

(74). Defendants David Delgado and Carpezzi Leibert Group agreed to insure eighteen (18) trucks and trailers, then defrauded plaintiff by failing to insure all the trucks.

(75). Defendants David Delgado and Carpezzi Leibert Group schemed, defrauded, and wrongfully broke the implied contract to insure plaintiff's eighteen (18) trucks and trailers.

COUNT III

Plaintiff was subjected to negligent Service by Defendants in violation of New Jersey's law governing breach of fiduciary duty.

(76). Plaintiff incoporates paragraphs 1 through 75 as though they were stated fully herein.

(77). Defendants Daivd Delgado, Carpezzi Leibert Group, Imperail Credit Corporation, Tri-State General Insurance, Carolina Casualty Insurance and Lloyd's of London acted carelessly, recklessly and/or negligated by failing to uncover the fraud.

(78). Defendants David Delgado, Carpezzi Leibert Group, Imperal Credit Corporation, Tri-State Genereal Insurance, Carolina Casualty Insurance and Lloyd's of London breached their feduciary duties by failing to investigate plaintiff's complaint of fraud and breach of contract.

### COUNT IV

Defendants David Delgado, Carpezzi Leibert Group, Imperial Credit Corp., Tri-State General Insurance, Carolina Casualty Insurance Company and Lloyd's of London acted in bad faith in violation of New Jersey's Good Faith in every contract law.

(79). Plaintiff incorporates paragraphs 1 through 78 as though they were stated fully herein.

(80). Defendants (all included) acted in bad faith by failing to investigae, evaluate and process plaintiff's fraud claims.

(81). Defendants (all included) recklessly disregarded plaintiff's pleas, without valid reason, for assistance in help to determine why plaintiff was cheated out of his contract.

## VI PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this court:

A. Declare that the acts and omissions described herein violated plaintiff rights under the laws of New Jersey and the United States.

B. Order defendants to pay compensatory and punitive damages, in the amount to be determined at trial but over and beyond the initial lost of $186,850.85.

C. Order defendants to pay reasonable attorney fees and costs; and

D. Grant other just and equitable relief that this Honorable Court deems necessary.

Respectfully submitted,

/s/ _____

OSMAN N. OZSUSAMLAR

USP-Atwater

P.O.Box 019001

Atwater, CA. 95301

Dated: July 8, 2013.

## VERIFICATION

Pursuant to 28 USC § 1746, I declare and verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 19, 2013.

/s/ [signature]