**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| OSMAN N. OZSUSAMLAR, | : |
| Plaintiff, | : |
| v. | : **Civil Action No. 13-1888 (SRC)** |
| | : **OPINION & ORDER** |
| TRI-STATE GENERAL INSURANCE COMPANY et al., | : |
| Defendants | : |

**CHESLER,** District Judge

This matter comes before the Court upon the filing of a Amended Complaint (Docket Entry 7) by Plaintiff Osman N. Ozsusamlar. Because Plaintiff lacks standing to bring this lawsuit, the Court will dismiss the Amended Complaint with prejudice.

According to the Amended Complaint, Plaintiff is the sole owner of Online Express, Inc., a commercial trucking company. Plaintiff alleges that in 2004 and 2005, Online Express purchased insurance policies for a number of commercial trucks and trailers from Defendants David Delgado and Carpezzi Liebert Group. These policies were underwritten by Defendants Carolina Casualty Insurance Company and Lloyd's of London. On October 6, 2005, Plaintiff was arrested and incarcerated on charges unrelated to his trucking business. Plaintiff claims that he is entitled to refunds on the various insurance policies, because, presumably due to Plaintiff's incarceration, Online Express "didn't use the full year worth of insurance." (Compl. ¶ 40) Plaintiff also claims that the insurer defendants had failed to provide the insurance coverage that

had been purchased.

When in doubt, a federal district court has an independent obligation to assess its jurisdiction and must do so whether or not raised by the parties. Nesbit v. Gears Unlimited, Inc., 347 F.3d 72, 76-77 (3d Cir. 2003) (citing Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 278 (1977)). Having carefully reviewed the Amended Complaint, the Court finds that Plaintiff lacks standing to bring the instant action. Article III of the Constitution limits federal court jurisdiction to "Cases" and "Controversies." To establish Article III standing, a plaintiff must demonstrate that "(1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to speculative, that the injury will be redressed by a favorable decision." Friends of the Earth, Inc. v. Laidlaw Envtl. Servcs. (TOC), Inc., 528 U.S. 167, 180-81 (2000).

Generally, a plaintiff may satisfy Article III only by asserting his own legal rights and interests, not those of third parties. See Potthoff v. Morin, 245 F.3d 710 (8th Cir. 2001) (citing Warth v. Seldin, 422 U.S. 490, 499 (1975)). A corporation is an independent legal entity separate and apart from its sole shareholder. See United States v. Sain, 141 F.3d 463, 474 (3d Cir. 1998). "[A] stockholder of a corporation does not acquire standing to maintain an action in his own right . . . when the alleged injury is inflicted upon the corporation. . . ." Kauffman v. Dreyfus Fund, Inc., 434 F.2d 727, 732 (3d Cir. 1970); see also 15-101 Moore's Federal Practice, Civil § 101.60[11] ("This shareholder standing rule applies even if the plaintiff is the sole shareholder . . . ."). Plaintiff, who asserts claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and breach of fiduciary duty, clearly seeks to redress an

2

injury suffered by Online Express. After all, it was Online Express, not Plaintiff, who purchased the insurance policies in question, and any injury caused by either a failure to provide insurance or a failure to remit a refund due under an insurance policy may only form the basis of a lawsuit brought by Online Express. Therefore, the Court must dismiss the Complaint for lack of standing.[1]

**IT IS, THEREFORE,** on this 13th day of August, 2013,

**ORDERED** that the Second Amended Complaint (Docket Entry 7) shall be and hereby is **DISMISSED WITH PREJUDICE**.

                                             s/ Stanley R. Chesler
                                             Stanley R. Chesler, U.S.D.J.

---

[1] In the event that Plaintiff wishes to re-file the instant action under the name of Online Express, the Plaintiff should be advised that, as a corporate entity, Online Express must be represented by licensed counsel. United States v. Cocivera, 104 F.3d 566, 572 (3d Cir. 1996) (citing Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993)).